UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS B. CABRERA,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., et al.,

Defendants.

Case No. 17-cv-00164-PJH

**ORDER DENYING MOTION TO REMAND, GRANTING MOTION TO DISMISS IN PART, AND REMANDING CASE**

Re: Dkt. Nos. 11, 20

Before the court is pro se plaintiff Luis B. Cabrera's motion to remand, and defendants JPMorgan Chase Bank, N.A. ("Chase"), California Reconveyance Company ("CRC"), Deutsche Bank National Trust Co. ("Deutsche Bank"), and Long Beach Securities Corp.'s ("LBSC") motion to dismiss. The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for March 15, 2017 is hereby VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion to remand and GRANTS defendant's motion to dismiss, with prejudice, as to the two federal claims in this case. The court declines to exercise supplemental jurisdiction over the remaining state law claims, and therefore REMANDS those claims to the Superior Court of California, County of San Mateo.

**BACKGROUND**

This is a home foreclosure case. Cabrera filed his complaint on October 27, 2016 in state court, and defendants removed the case to this court on January 12, 2017. Dkt. 1. Federal jurisdiction is based on 28 U.S.C. § 1331 because two of the sixteen

causes of action sound in federal law, to wit, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq. Notice of Removal ¶¶ 3–4.

**A. The 2010 Action[1]**

On May 28, 2010, Cabrera filed a complaint against, among others, Long Beach Mortgage ("Long Beach"), Washington Mutual ("WaMu"), Deutsche Bank, and Chase. The original complaint asserted twenty-two causes of action for, inter alia, violations of TILA and RESPA, declaratory and injunctive relief, fraud, breach of contract, breach of the duty of good faith and fair dealing, predatory lending, and a number of causes of action based on the California Civil Code. See Defs.' RJN Ex. 7 ("2010 Compl.").

The factual basis for the 2010 Action was an April 2006 loan repayment and security agreement between Long Beach and Cabrera, which featured an introductory "teaser" interest rate. 2010 Compl. ¶ 2. The loan was secured by plaintiff's residence, 353 Second Avenue, Daly City, California (the "Property"). 2010 Compl. ¶¶ 1–2. Focusing mainly on the actions of Long Beach, Cabrera alleged that the loan was predatory, deceptive in its origination, fraudulent, made without considering the borrower's ability to repay, and otherwise defective such that there was no right of foreclosure. 2010 Compl. ¶¶ 18–38.

The 2010 Action was removed to federal court on July 19, 2010. See Cabrera v. Long Beach Mortgage et al., No. 3:10-cv-03143-CRB (N.D. Cal.), Dkt. 1. On December 16, 2010, Judge Breyer found that all of the federal causes of action (based on TILA and RESPA) were timed-barred, and dismissed the complaint with leave to amend to plead equitable tolling. Id. Dkt. 36. After amendment—which attempted to plead tolling and added CRC as a defendant—Judge Breyer again dismissed the federal claims as time-

[1] These facts are substantially based upon defendants' request for judicial notice ("Defs.' RJN"), Dkt. 11-1, which attaches plaintiff's prior complaints and other documents from the 2010 Action. See id. Ex. 7–10. Plaintiff does not oppose or address the RJN. The court GRANTS defendants' request for judicial notice because these documents are "matters of public record" that the court may properly take judicial notice of when deciding a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

barred, and remanded the rest of the case to state court. Id. Dkt. 51. Judgment was entered against plaintiff on the TILA and RESPA claims. Id. Dkt. 54.

Following remand, Cabrera eventually filed a second amended complaint in state court on January 2, 2013, asserting eight causes of action: fraudulent concealment, intentional and negligent misrepresentation, predatory lending, breach of contract, quiet title, recession, and intentional infliction of emotional distress. Defs.' RJN at Ex. 8. On June 20, 2013, the state court sustained a demurrer to the second amended complaint without leave to amend, and entered judgment against plaintiff. Defs.' RJN Ex. 9–10.

**B.   The Current Complaint**

Cabrera's complaint names Long Beach, LBSC, Chase, Deutsche Bank, and CRC as defendants.[2] All of these entities save LBSC were defendants in the 2010 Action. The complaint alleges that Long Beach was the original lender on the loan; Chase is the successor to WaMu (the original servicer), Deutsche Bank is the trustee for Long Beach, LBSC was the "depositor of the trust" to Deutsche Bank, and CRC is a "foreclosure service provider" acting on behalf of Chase. Compl. ¶¶ 5–10.

Cabrera's current complaint is very similar to his prior complaints, and appears to be copied and pasted verbatim in significant part. On or about April 18, 2006, Long Beach and Cabrera entered into a $664,000 loan secured by the Property, which Cabrera alleges was defectively originated. Compl. ¶¶ 25–30. Plaintiff should never have qualified for the loan, which was based on "stated income" and offered in spite of plaintiff's high-risk credit score. Compl. ¶ 92. Long Beach acted predatorily and illegally in offering the loan because it knew that plaintiff could not afford to repay the loan and used an automated underwriting system. Compl. ¶¶ 32–36. Cabrera alleges that each of the defendants was assigned an interest in a loan that was "improperly handled from its

---

[2] Long Beach has not appeared and appears to have ceased operations in 2007. The complaint alleges that Chase is the successor-in-interest to Long Beach; Chase assigned its interest to Deutsche Bank as trustee for Long Beach. Compl. ¶ 7, Ex. F–H.

inception," and that all defendants are liable for each other's actions based on agency principles. Compl. ¶¶ 36–40.

Plaintiff alleges that the loan was in English, but was not explained to him in his native language (Tagalog). Compl. ¶ 43. Cabrera further alleges several formal and procedural defects in the endorsement and assignments of the note and deed of trust. Compl. ¶¶ 45–49, 53, 58. In particular, the assignments were "robo-signed" or "forged" by the defendants. Compl. ¶¶ 64–68. These assignments were made between "May 7, 2009 and February 25, 2010." Compl. ¶¶ 45, 181. Because all of these transfers were improper, the "true owner" of the note and the deed of trust is "unknown" and thus defendants cannot foreclose. Compl. ¶ 84.

The complaint alleges that the Property is now in foreclosure, with CRC acting as the foreclosure trustee. Compl. ¶ 50. However, according to defendants, the Property was in fact sold at a non-judicial foreclosure sale on May 18, 2010. Defs.' RJN Ex. 5. However, the sale was "rescinded" on October 4, 2013, id. Ex. 6, and defendants represent that there is no pending foreclosure at this time. Defs.' Mot. to Dismiss at 11.

The complaint asserts sixteen causes of action, each against all defendants. Compl. ¶¶ 118–329. Nearly all of the causes of action were asserted in the 2010 Action. Only two claims sound in federal law: the seventh claim for "Violations of TILA" and the eighth claim for "Violations of RESPA." Compl. ¶¶ 253–75. Plaintiff seeks damages and a declaration from the court that the defendants have "no enforceable secured or unsecured claim" on the Property. Compl. at Prayer.

Cabrera attaches several documents to the complaint. The first is the April 18, 2006 Deed of Trust between him and Long Beach. Compl. Ex. A. The second is a "Securitization Audit Report," dated August 8, 2016, by Dwight Maxwell, a Florida-based "mortgage auditor," which identifies possible problems in the loan documents, including the robo-signing issue. Compl. Ex. B. The third document is an April 8, 2006 "rider" relating to the interest rate on the loan. Compl. Ex. C. The remaining documents are a

2009 notice of default, and the 2009 and 2010 assignments of the deed of trust to Deutsche Bank. Compl. Ex. D–H.

**DISCUSSION**

**A. Legal Standards**

**1. Motions to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 7–8 (1983) (citation omitted); see also 28 U.S.C. § 1441.

However, federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

**2. Motions to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and

construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899–900 (9th Cir. 2007).

Legally conclusory statements, not supported by actual factual allegations, need not be accepted by the court. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**3.    Res Judicata**

The preclusive effect of a prior federal court judgment is determined by federal common law. Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Under federal law, res judicata takes two forms: claim preclusion and issue preclusion. See id. at 892.

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). A cause of action is barred by claim preclusion if (1) there is an identity of claims between the two lawsuits; (2) there was a final judgment on the merits in the first lawsuit; and (3) the same parties, or parties in privity to them, were involved in the prior litigation. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005). Claim preclusion bars not only those claims actually litigated in a prior proceeding, but also claims "based on the same nucleus of facts . . . if the claims could have been brought in the earlier action." Tahoe-

Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) (emphasis added).

Under the doctrine of issue preclusion, a party is barred from relitigating "issues of fact or law that were actually litigated and necessarily decided" against it in a prior proceeding. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988). Issue preclusion requires that (1) the issue decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; (3) the issue was actually litigated and necessary to the judgment; and (4) the party to be precluded was a party, or in privity with a party, in the first proceeding. Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011).

**B.    Plaintiff's Motion to Remand**

Plaintiff's motion to remand asserts that this court has no jurisdiction because the complaint "does not present a claim or right arising under the . . . laws of the United State[s]" and is "not a civil rights case." Mot. to Remand at 2. In addition, plaintiff asserts that there is "no diversity of parties" and removal was not timely. Id.

Removal in this case was proper because this court has original jurisdiction under 28 U.S.C. § 1331. Plaintiff's TILA and RESPA claims are based on federal statutes and therefore "aris[e] under" federal law. Id. The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Cabrera's state law claims, which relate to the same controversy. Moreover, removal was timely. Chase and CRC were served with the complaint on December 13, 2016, and removed the action on January 12, 2017, the final day of the 30-day period permitted by statute. See 28 U.S.C. § 1446(b)(1); Decl. of David M. Liu ¶ 2 (Dkt. 24).

For those reasons, plaintiff's motion to remand is DENIED.

**C.    Defendants' Motion to Dismiss**

Defendants' motion seeks dismissal on four grounds: (1) the claims are barred by res judicata; (2) the claims are time-barred by the applicable statutes of limitations; (3)

plaintiff lacks standing; and/or (4) plaintiff fails to state a claim. The court finds that it need only consider the first two grounds to dispose of plaintiff's federal claims.

**1. The Federal Claims**

Because this court's jurisdiction is premised on the complaint's claims under TILA and RESPA, the court will consider these two claims first.

**i. Res Judicata**

In the 2010 Action, plaintiff asserted claims under TILA and RESPA that were dismissed by Judge Breyer as untimely. See No. 3:10-cv-03143-CRB Dkt. 36. Judge Breyer provided plaintiff an opportunity to amend to plead equitable tolling, i.e., why Cabrera could not have discovered the problems with his loan with due diligence at time of the loan's origination. Id. at 5–7. Plaintiff duly amended his complaint, asserting tolling on the same grounds (essentially verbatim) as alleged in the current complaint: that his native language is Tagalog and Long Beach did not adequately explain to him that the initial payment structure on the loan was temporary. Id. Dkt. 51 at 2. Judge Breyer rejected this amendment as inadequate because Cabrera "includes no allegations of efforts he made once his rate adjusted [in May 2008], putting him on notice" of the TILA and RESPA claims. Id. at 5. As a result, Judge Breyer dismissed the federal claims with prejudice and entered judgment against Cabrera. Id. Dkt. 54.

In light of this judgment, the court finds that claim preclusion bars plaintiff's TILA and RESPA claims. First, there is an identity of claims: plaintiff's TILA and RESPA claims are based on the same allegations as those in the 2010 Action—indeed, much of the language is copied verbatim. Second, these claims were litigated to a final judgment on the merits against plaintiff in the 2010 Action. See No. 3:10-cv-03143-CRB Dkt. 54. Finally, both the party to be precluded (Cabrera) and all of the defendants save LBSC were parties in the 2010 Action.

Although LBSC was not a party to the 2010 Action, it appears to be in privity with the other defendants per the plaintiff's own allegations. See Compl. ¶¶ 8, 14–15, 39–40; Tahoe-Sierra Pres. Council, 322 F.3d at 1082 (9th Cir. 2003) (a "non-party who has

succeeded to a party's interest in property" is in privity). In any event, even presuming that LBSC cannot rely on claim preclusion, issue preclusion would bar relitigation of the TILA and RESPA claims against LBSC. In the 2010 Action, Judge Breyer held that these claims were time-barred. This issue that was actually litigated and necessary to the judgment on the merits against plaintiff. Thus, Cabrera is estopped from relitigating the timeliness of the federal claims in this case.

**ii. Untimeliness**

The TILA and RESPA claims must also be dismissed because they are untimely under the applicable statutes of limitations. The TILA and RESPA claims accrued with the origination of the loan in April 2006, but the current complaint was not filed until October 2016, over ten years later.

TILA has a one-year statute of limitations for damages claims, 15 U.S.C. § 1640(e), and a three-year limitations period for the right of rescission, 15 U.S.C. § 1635(f). The TILA claim is based on defendants' lack of disclosure of "what this adjustable rate mortgage was going to turn into." Compl. ¶ 256. This claim accrued in April 2006, or at the latest in May 2008 when the loan's interest rate changed, giving Cabrera actual notice of the adjustable interest rate. Cabrera did not bring this suit until over eight years later. The TILA claim is thus untimely.

The RESPA claim is also time-barred. Plaintiff does not cite any specific provision of RESPA. However, he complains of Long Beach's "unearned fees" in conjunction with the "Yield Premium Spread" on the loan's interest rate, Compl. ¶ 271, which reads as an alleged violation of 12 U.S.C. § 2607. This provision has a one-year statute of limitations. 12 U.S.C. § 2614. Even if plaintiff instead seeks to sue under another RESPA provision, the statute of limitations is at most three years "from the date of the occurrence of the violation." Id. Either way, the RESPA claim is untimely because the violation occurred when the loan was originated in April 2006.

Although the court would normally permit the plaintiff leave to plead equitable tolling, the court finds that amendment would be futile in this case for several reasons.

First, even putting timeliness aside, the federal claims must be dismissed on the basis of res judicata. Amendment to plead equitable tolling cannot cure the res judicata issue. Moreover, Cabrera cannot possibly benefit from equitable tolling because he was clearly aware of the alleged problems with the loan by May 28, 2010—the date that the 2010 Action was filed. Even giving plaintiff every possible benefit of the doubt and assuming that the claims did not accrue until May 28, 2010, they would still be untimely. Finally, plaintiff was already afforded an opportunity to plead equitable tolling in the 2010 Action, and he was unable to do so.

In summary, because both res judicata and the applicable statutes of limitations bar plaintiff's TILA and RESPA claims, defendants' motion is GRANTED as to these claims and the complaint's federal claims are DISMISSED, with prejudice.

**2. The State Law Claims**

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the [remaining] state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . —judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Here, because the case is still at the pleading stage and the court has dismissed all of the federal claims with prejudice, the court declines to exercise supplemental jurisdiction over the state law claims, and therefore REMANDS those claims to state court, from which they were removed.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand the case is DENIED, and defendants' motion to dismiss is GRANTED with respect to the TILA and RESPA claims,

with prejudice. The court declines to exercise supplemental jurisdiction over the state law claims, and remands those claims to the state court. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 10, 2017

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California